ABRAHAM FINE, Respondent, *v.* PENNSYLVANIA RAILROAD COMPANY, Appellant.

First Department, February 26, 1943.

*Roswell P. C. May* of counsel (*Dennis P. Donovan* with him on the brief; *Bleakley, Platt & Walker,* attorneys), for appellant.

*Bernard Tomson* of counsel (*Michael C. Bernstein* with him on the brief; *Bernstein, Weiss & Tomson,* attorneys), for respondent.

GLENNON, J. This action is based upon a breach of contract which involved the shipment of a carload of beans delivered to the defendant's connecting carrier on January 25, 1940, at Pompano, Florida. The plaintiff, who was the consignee and assignee of the shipper, gave instructions to the defendant to " hold " the car at a place known as the Cove, Jersey City, N. J. Through an error on the part of the defendant the car containing the

beans was forwarded to pier 29, which is on the New York side of the North river, and through the mistake on the part of the defendant, the car was unloaded and the beans placed upon the dock during the night of February 4, 1940. The procedure adopted was the usual practice employed where no "hold orders" are given. Incidentally, the shipment was in good condition.

Plaintiff claims that he first learned of the misdelivery at about five o'clock in the morning of February 5th, at which time the sales on the pier had ended.

Later in the morning of that day, plaintiff wrote the following letter to the defendant: "On January 29, 1940, we placed with you an order on Car No. FGE 32429 to hold same at the Cove in Jersey City until further instructions. We have in our possession a stamped order to that effect.

"This morning we were informed that this car was unloaded on Pier 29, contrary to our instructions. We shall be forced to dispose of the contents of this car tonight, and shall hold you responsible for physical conditions, loss in market and utter disregard to our explicit instructions.

"We hereby protest this delivery and claim and supporting statement showing exact amount of damage shall be forwarded to you as soon as amount can be determined."

It cannot be disputed that the plaintiff accepted delivery during the morning of February 5th, and further that he sold a part of the carload on the same night at his store, and the balance at the pier in the early morning market of February 6th. The beans had not deteriorated and were still in good condition. However, there was a break in the market with the result that on February 6th the prices in the open market were lower than they had been on the morning of February 5th.

It was well stated by the trial justice that: "This case is unique in that the complaint, contrary to the usual type, is that the goods were in fine condition and that the shipment was delivered too soon rather than too late." Incidentally, it might be noted that the court in so stating was not referring to plaintiff's pleading, but rather to the facts as they developed upon the trial.

In awarding damages to the plaintiff, the trial justice applied the rule which is followed in stock conversion cases. In so doing he fell into error. No damages should have been awarded. The difficulty with plaintiff's position is that he accepted the carload of beans at the point of delivery. While he contends, in effect, that it was his intention to hold the produce at the Cove in

Jersey City in anticipation of a rise in the market price, still the fact remains that he actually accepted the beans at the pier. At the time he did so, he could have had no assurance that there would be an increase in the value of the produce at some time in the immediate future. For aught he knew there might have been a further decline in market prices. He should not be permitted to speculate on a rise in the market at the expense of the defendant.

Based upon the facts in this case, the plaintiff, by his acceptance of the beans at pier 29 and his subsequent sale thereof, deprived himself of the right to recover any damages from the defendant and, consequently, the complaint should be dismissed.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed, and the complaint dismissed, with costs to the defendant in all courts.

MARTIN, P. J., UNTERMYER and DORE, JJ., concur; TOWNLEY, J., concurs in result on the ground that damages resulting from the loss of speculative profits were not within the contemplation of the parties.

Determination of the Appellate Term and the judgment of the Municipal Court unanimously reversed and the complaint dismissed, with costs to the defendant in all courts.